UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUN 16 ~~~~
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

TRENA N. CLARK,

    Plaintiff,

v.

CITY OF CHESAPEAKE,
CITY OF CHESAPEAKE FIRE DEPARTMENT, and
CHIEF R. STEPHEN BEST, SR., in his individual and
official capacity as Chief of the City of Chesapeake
Fire Department,

    Defendants.

ACTION NO. 2:09cv36

## ORDER

Plaintiff brought this pro se action, pursuant to Title VII of the Civil Rights Act of 1964m as amended, 42 U.S.C. § 2000e *et seq.*, alleging employment discrimination on the basis of race and sex as well as retaliation for filing an EEOC claim.

On, February 24, 2009 Defendants filed a Motion to Dismiss Defendants the City of Chesapeake Fire Department ("Fire Department") and Fire Chief R. Stephen Best ("Best") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed her response. For the reasons set out below, the Court will grant Defendants' Motion to Dismiss.

In construing a motion to dismiss, the facts alleged in a plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978). A pro se complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (per curiam).

A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Dismissal may be appropriate when a complaint contains a detailed description of underlying facts that fail to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976). When a statute of limitations defense clearly appears on the face of a complaint, dismissal under Rule 12(b)(6) is appropriate. Richmond, Fredericksburg & Potomac R.R. Co. v. Frost, 4 F.3d 244, 250 (4th Cir. 1993).

Defendants assert that the Fire Department should be dismissed as it is not a proper legal entity and because only Plaintiff's employer, the City of Chesapeake, is a proper Defendant. Plaintiff does not address this issue in her response; she simply reiterates her allegations that she has been subjected to discrimination and retaliation. Plaintiff has not refuted Defendants' assertion that the Fire Department is not a legal entity. Moreover, it is clear that Plaintiff's employer is the City of Chesapeake. The proper party in a Title VII action is the employer. See Jones v. Tyson Foods, Inc., 378 F. Supp. 2d 704, 709 (E.D. Va. 2004). Thus, the Fire Department is not a proper Defendant to this action.

Plaintiff seeks to name Best as her supervisor. Title VII does not provide a remedy against individual defendants who do not qualify as "employers." See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (finding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer). The proper Defendant in a Title VII action is Plaintiff's employer, the City of Chesapeake.

Therefore, Defendants' Motion to Dismiss Defendants the Fire Department and Best for failure to state a claim upon which relief can be granted is **GRANTED**. Accordingly, Defendants City of Chesapeake Fire Department and Chief R. Stephen Best, Sr. are **DISMISSED** as Defendants

to this action.

Under Rule 54, subsections (a) and (b), of the Federal Rules of Civil Procedure, the dismissal of Plaintiff's claims against the Fire Department and Best will not be a final judgment for purposes of appeal until the Court has also resolved Plaintiff's claims against the City of Chesapeake. As a result, Plaintiff may not yet appeal the Court's dismissal of the Fire Department and Best.

The Clerk is **DIRECTED** to send a copy of this Order to Plaintiff and counsel for Defendants.

IT IS SO **ORDERED**.

/s/

Jerome B. Friedman
**United States District Judge**

Norfolk, Virginia

June 16, 2009